*809 OPINION OF THE COURT
Jeffrey S. Sunshine, J.
Introduction
The issue presented herein is whether a party in a matrimonial action has the right to access and utilize the e-mail account of the estranged spouse whom she no longer resides with and obtain copies of e-mails in his e-mail account. The wife purports that these e-mails implicate her husband, his employer’s accountant and former business associates in a scheme to shield income from the wife.
All other issues previously raised in both parties’ applications have been resolved or reserved for trial.
Background
The parties were married on June 12, 1990. They physically separated on September 1, 2006, and have continued to live separate and apart since that date. The parties have a son of this marriage who is 19 years of age and resides with the wife. On October 3, 2008, the parties entered into a pendente lite child support order, on consent, for the husband to pay the wife $425 each month of which $75 is for the child’s medical coverage.
The wife is a software developer and the husband is currently a medical technician. Prior to his employment as a medical technician he was a computer programmer; in 2001 he was laid off. The husband contends that his unemployment was due to a “bad economy.” He claims that this circumstance lead the husband to pursue a different career, which is far less lucrative.
The wife annexes e-mails to her motion which she concedes she retrieved from the husband’s e-mail account. She contends the husband “provided [her] with his email password. He never changed those passwords.” Through counsel, the wife contends that the husband never formally revoked his permission to look at his e-mails. Counsel further avers that the parties each utilized the other’s account information for all types of transactions. The wife apparently changed her password when the parties separated; however, the wife avers that the husband never revoked permission to the wife to utilize his e-mail account and password with her in writing or by simply changing his password. The wife annexes these e-mails in support of her motion as it relates to discovery in an effort to utilize them to demonstrate that the husband’s income, as reported, is not accurate.
The husband contends that “[t]hese emails were not ‘obtained’, but were stolen by the [wife] without [his] permission.” *810 He further avers that his wife did not send or receive e-mails from his account. Rather, he asserts that the wife is an expert in computer networking. According to the husband, she has the capability and expertise to get into his account and was able to access his account. The husband concedes that he used the same password for all of his computer accounts, a fact which his wife was aware of, and he did not change the password until July 2008, almost two years after the parties physically separated. He contends that it is “shocking” for the wife to believe that she had any right to access his account. He reaffirms that he did not give her permission to utilize his e-mail account. Moreover, the husband asserts that the act of starting a divorce action should constitute, in any event, an implied revocation of such authority.
Discussion
CPLR 4506 (1), entitled “Eavesdropping evidence; admissibility; motion to suppress in certain cases,” reads as follows:
“The contents of any overheard or recorded communication, conversation or discussion, or evidence derived therefrom, which has been obtained by conduct constituting the crime of eavesdropping, as defined by section 250.05 of the penal law, may not be received in evidence in any trial, hearing or proceeding before any court . . . provided, however, that such communication, conversation, discussion or evidence, shall be admissible in any civil or criminal trial, hearing or proceeding against a person who has, or is alleged to have, committed such crime of eavesdropping.”
The CPLR refers to Penal Law § 250.05, which states that “[a] person is guilty of eavesdropping when he unlawfully engages in wiretapping, mechanical overhearing of a conversation, or intercepting or accessing of an electronic communication.” In accordance with the CPLR, if the Penal Law is violated, then the content may not be received in evidence in any trial, hearing or proceeding before any court.
It is incumbent upon this court to consider the definitions of the terms utilized in Penal Law § 250.05, specifically, (1) unlawfully, (2) intercepting or accessing, and (3) electronic communication. The term “unlawfully,” as it relates to Penal Law § 250.05, can be found in Criminal Procedure Law article 700 or § 700.05 and Penal Law §§ 250.05, 250.10, 250.15, 250.20, 250.25, 250.30 and 250.35. The terms “intercepting or access *811 ing” as they relate to Penal Law § 250.05 are defined in Penal Law § 250.00 (6) as:
“the intentional acquiring, receiving, collecting, overhearing, or recording of an electronic communication, without the consent of the sender or intended receiver thereof, by means of any instrument, device or equipment, except when used by a telephone company in the ordinary course of its business or when necessary to protect the rights or property of such company.”
The final term “[electronic communication” is defined, as it relates to Penal Law § 250.05, as follows:
“[A]ny transfer of signs, signals, writing, images, sounds, data, or intelligence of any nature transmitted in whole or in part by a wire, radio, electromagnetic, photoelectronic or photo-optical system, but does not include:
“(a) any telephonic or telegraphic communication; or
“Ob) any communication made through a tone only paging device; or
“(c) any communication made through a tracking device consisting of an electronic or mechanical device which permits the tracking of the movement of a person or object; or
“(d) any communication that is disseminated by the sender through a method of transmission that is configured so that such communication is readily accessible to the general public.” (Penal Law § 250.00 [5].)
The Practice Commentary further states:
“The definitions of ‘intercepting or accessing of an electronic communication’ [Penal Law § 250.00 (6)] and ‘electronic communication’ [Penal Law § 250.00 (5)] were added by the laws of 1988 (c. 744) and were designed to update the law of eavesdropping to take into consideration the current state of the art of electronic communications.”
“An ‘electronic communication’ is generally any non-aural communication, not expressly excluded from the definition, which is transmitted ‘in whole or in part’ by a wire, radio, electromagnetic, photo-electronic or photo-optical system. Included within that definition are communications transmitted by *812 facsimile machines, computers (e.g., electronic mail), display pagers, and the ‘digital information captured by a pen register.’ People v Kramer, 92 N.Y.2d 529, 683 N.Y.S.2d 743, 706 N.E.2d 731 (1998).” (Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law § 250.05, at 235.)
The wife contends that e-mails that are kept in the husband’s e-mail account are not within the purview of CPLR 4506. She relies on dicta in the case of Pure Power Boot Camp v Warrior Fitness Boot Camp (587 F Supp 2d 548, 558 [SD NY 2008]) for the proposition that “[t]he plain language of the statute [CPLR 4506] seems to limit its application to the contents of [the] ‘overheard or recorded communication[s]’ ” not electronic communication. However, the U.S. District Court further stated that “[ultimately, a determination of the meaning of CPLR § 4506 is unnecessary, and better left to the New York state courts” (id.). Furthermore, the court in Pure Power Boot Camp v Warrior Fitness Boot Camp in a footnote stated that “Penal Law section 250.05 explicitly includes ‘electronic communications’ ” (587 F Supp 2d at 558 n 6).
The wife further asserts that she would only be in violation of Penal Law § 250.05 if the e-mail was intercepted while in transit. The wife relies on Moore v Moore (NYLJ, Aug. 14, 2008, at 26, col 1 [Sup Ct, NY County]) where the husband sought to suppress material from the hard drive of a laptop computer, used by the family members, that was found by the wife in the trunk of her husband’s car. The court in Moore held that Penal Law § 250.05 did not apply to the facts presented because “[i]n accessing the disputed files, plaintiff did not intercept, overhear or access electronic communications.” (NYLJ, Aug. 14, 2008, at 26, col 1.) The communication was saved to the hard drive by the husband and the wife’s “subsequent access to that material downloaded and saved to the hard drive of the computer was not the result of an intercepted communication and does not constitute a violation of Penal Law § 250.05” (id.).
Similarly, the wife cites Boudakian v Boudakian (NYLJ, Dec. 26, 2008, at 27, col 3 [Sup Ct, Queens County 2008]), where the husband sought suppression of information obtained by the wife from the parties’ laptop computer. The court following the reasoning enunciated in Moore held that “[e]avesdropping does not apply since the communication at issue occurred on prior occasions and the wife’s subsequent access to that material on the hard drive ‘was not the result of an intercepted communica *813 tion and does not constitute a violation of Penal Law § 250.05’ ” (id.).
The husband contends that these cases do not acknowledge the plain language of the statute and, therefore, the wife’s reliance on same must fall. The husband argues that the wife’s assertion that since the e-mails in this matter were not “in transit” at the time the wife accessed them, she is not in violation of Penal Law § 250.05 defies the meaning of the statute which states that “[a] person is guilty of eavesdropping when he unlawfully engages in wiretapping, mechanical overhearing of a conversation, or intercepting or accessing of an electronic communication.” (Emphasis added.) He claims that intercepting or accessing is clearly defined as “the intentional acquiring, receiving, collecting ... of an electronic communication, without the consent of the sender or intended receiver thereof’ (Penal Law § 250.00).
This court looks at the legislative history for Penal Law § 250.00 for guidance. A Memorandum from the State of New York Executive Chamber states that “[t]his bill amends the Penal Law and the Criminal Procedure Law (CPL) to conform to requirements for the interception of wire, oral and electronic communication” (Bill Jacket, L 1988, ch 744, at 6 [emphasis added]). It is this court’s understanding from the reading of the statute, legislative history and case law that the purpose of Penal Law § 250.00 is to prohibit individuals from intercepting communication going from one person to another, and in this case an e-mail from one person to another. In the case at bar the e-mail was not “in transit,” but stored in the e-mail account. Even assuming the husband’s facts, as stated, to be true, the wife may have unlawfully retrieved information from a computer, in violation of Penal Law § 156.10, but there was no interception and accordingly her actions fail to fall within the scope of CPLR 4506 as presently written.
The court notes that there is no statute that would recognize an “implied revocation upon service of a divorce action” and bar the use of the e-mails “stored.”
The e-mails are admissible at trial so long as they do not violate the attorney-client privilege.